**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ELVIRA FERNANDEZ, individually and as Co-Personal Representative of: estate of Daniel Frank Rodriguez; FRANK RODRIGUEZ, individually and as Co-Personal Representative of: estate of Daniel Frank Rodriguez, | No. 14-16374 <br><br> D.C. No. 2:12-cv-02475-JWS <br><br> MEMORANDUM[*] |
| Plaintiffs - Appellants, | |
| v. | |
| SERGIO VIRGILLO, Husband; MARIA VIRGILLO, Wife, also named as: Jane Doe Virgillo; RICHARD A. CHRISMAN, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Argued and Submitted May 12, 2016
San Francisco, California

Before: FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Elvira Fernandez and Frank Rodriguez (collectively "Fernandez") appeal from the district court's grant of summary judgment in favor of Sergio Virgillo in their § 1983 suit. Because the facts are known to the parties, we do not repeat them here.

I

The district court did not err in granting summary judgment on Fernandez's claim that Virgillo used excessive force by deploying his taser against Daniel Rodriguez. Arizona law prevents Fernandez from recovering damages for Daniel's pre-death pain and suffering. *See* Ariz. Rev. Stat. § 14-3110. The district court correctly held that such law bars Fernandez's claim; applying Arizona's law does not frustrate the purposes of § 1983 where, as here, the alleged constitutional violation did not cause the victim's death. *See Robertson v. Wegmann*, 436 U.S. 584, 590–92 (1978); *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1103–05 (9th Cir. 2014).

In any event, notwithstanding the limitations imposed by Arizona law, Virgillo is entitled to qualified immunity, because it was not clearly established on October 5, 2010, that Virgillo's use of his taser was excessive in the circumstances. *See Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015) (per curiam) (discussing qualified immunity standards); *Mattos v. Agarano*, 661 F.3d 433, 452 (9th Cir.

2

2011) (en banc) (granting qualified immunity in two separate excessive force claims involving use of a taser).

## II

The district court did not err in granting summary judgment on Fernandez's claim that Virgillo failed to intercede to prevent Chrisman from shooting and killing Daniel. Virgillo did intervene by talking calmly to Daniel and persuading him to leave the trailer, and it is undisputed that Virgillo's efforts at least momentarily calmed the situation and appeared to relieve any danger to Daniel. Virgillo is entitled to qualified immunity, because Fernandez can point to no authority clearly establishing that he needed to intervene in some other manner, at least prior to the point that Chrisman blocked Daniel's path and redrew his gun, once again escalating the situation. *See Taylor*, 135 S. Ct. at 2044–45.

Although she attempts to do so on appeal, Fernandez did not explicitly argue to the district court that Virgillo had an opportunity to intervene further in the period of seconds between when Chrisman re-escalated the situation and when he shot Daniel. In any event, the district court did not err in holding that such a fleeting period of time did not offer a realistic opportunity for Virgillo to intercede in a meaningful way, and that he is not liable for failing to do so. *Cf., e.g.*, *Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991) ("[T]he agents were positioned

3

around the room . . . and were thus physically incapable of preventing the incidents surrounding the shooting, all of which transpired in a matter of seconds.").

## III

The district court did not err in granting summary judgment on Fernandez's loss of familial association claim. Fernandez has not pointed to any evidence that would allow a reasonable jury to conclude that Virgillo acted with the requisite "purpose to harm unrelated to legitimate law enforcement objectives." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). There is no support for Fernandez's contention that Chrisman's purposes are imputed to Virgillo, especially because (as noted) the district court correctly held that Virgillo is not liable for failing to prevent Chrisman's actions.

**AFFIRMED.**